PRINCETON COAL MINING COMPANY *v.* LAWRENCE.

[No. 7,170. Filed February 24, 1911.]

APPEAL.—*Transfer.—Constitutional Law.*—An appeal to the Appellate Court, presenting a question of constitutional law, will be transferred to the Supreme Court.

From Gibson Circuit Court; *Oscar M. Welborn,* Judge.

Action by Josie Lawrence against the Princeton Coal Mining Company. From a judgment on a verdict for plaintiff for $1,000, defendant appeals. (For decision on transfer, see 176 Ind. ——.) *Transferred to Supreme Court.*

*Lucius C. Embree* and *Morton C. Embree,* for appellant.

*J. M. Vandeveer, S. L. Vandeveer* and *John W. Brady,* for appellee.

ADAMS, J.—Appellee brought this action under section twenty-seven of the coal mining act, approved February 28, 1905 (Acts 1905 p. 65), as amended by the act of 1907 (Acts 1907 p. 253, §8597 Burns 1908), to recover damages occasioned by the death of her husband, Solomon Lawrence, through the alleged negligence of appellant.

The complaint upon which the cause was tried is in one paragraph, and shows that Solomon Lawrence was a shot firer in appellant's coal mine; that on January 8, 1908, while in the line of his duties and while using due care and caution, he was instantly killed. The particular negligence charged is that at the time of the death of said Lawrence, and for six months prior thereto, the entries of appellant's mine were so dry that the air became charged with coal dust, and that appellant carelessly, negligently and with full knowledge thereof permitted and allowed in all of said entries large quantities of fine, dry, dangerous and explosive coal dust to accumulate, and wilfully and negligently omitted and neglected regularly and thoroughly to sprinkle said entries; that the shot fired by said Lawrence did not blast the coal, but was discharged through the outer opening of the hole in which said shot was placed, and that fire was discharged into the air, resulting in an explosion of the coal dust, and by such explosion said Lawrence was killed.

Many other facts are set out in the complaint, but there is no averment that notice was ever given by the inspector of mines to appellant to sprinkle the mine in which decedent worked. The sufficiency of the complaint is questioned by demurrer. Other errors are assigned, but need not be considered in this opinion.

The right to recover in this case clearly depends upon the act of 1905, *supra*, and the complaint states a cause of action under that act.

Section eleven of said act (§8579 Burns 1908) provides, in part, that "in case the roadways or entries of any mine are so dry that the air becomes charged with dust, such

roadways or entries shall be regularly and thoroughly sprinkled. And it shall be the duty of the inspector to see that this provision is carried out.''

It is contended by appellant that the part of the act of 1905, *supra,* which relates to the sprinkling of mines, was repealed by section twelve of the act of March 9, 1907 (Acts 1907 p. 347, §8613 Burns 1908). This section reads as follows: ''The inspector of mines shall have power in his discretion to order the sprinkling of any coal mine or part of mine by notice in writing to the operator thereof, or person in charge of the same, and after receiving such notice it shall be unlawful for any person to act in violation thereof and to omit such sprinkling. Copies of any notices given hereunder shall be posted at the mine entrance by the inspector of mines.''

Section twenty-one of the act of 1907 (§8622 Burns 1908) declares that ''the provisions of this act shall be cumulative of other laws upon the subject of coal mining: Provided, however, that all laws and parts of laws in conflict herewith are hereby repealed.''

The subject-matter considered by both acts, as shown by the titles, relates to the health and safety of persons employed in coal mines. The act of 1905, *supra,* is not specific, in that the statute does not declare who shall perform the work of sprinkling, nor how the inspector shall proceed to enforce the terms of the act. The act of 1907, *supra,* supplies both of these omissions, by declaring that the operator shall sprinkle the mine in obedience to notice given by the inspector of mines, but that it rests in the discretion of the mine inspector to order the sprinkling of any mine or part thereof.

We believe it clearly appears that §8613, *supra,* is not cumulative of that part of the act of 1905, relating to sprinkling. If, then, §8613, *supra,* is the only statute requiring appellant to sprinkle its mine, the complaint under consideration is defective for failure to aver that appellant

was notified in writing by the inspector of mines to sprinkle the mine in which the accident occurred.

Appellee, however, while not conceding that the later enactment repealed the former, does insist that §8613, *supra*, is unconstitutional, in that it violates §1 of the 14th amendment to the Constitution of the United States, by depriving persons of their liberty and property without due process of law, and denies equal protection of the law; that it likewise violates §25 of the bill of rights of the state Constitution in this, that the taking effect of the law is made to depend upon the state mine inspector; that such section further violates article 4, §1, of the Constitution of Indiana, in that it confers legislative power on the said mine inspector.

Section 1392 Burns 1908, Acts 1907 p. 237, §1, provides as follows: "Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court, viz.: First. All cases in which there is in question, and such question is duly presented, either the validity of a franchise or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal Constitution."

The constitutionality of this section of the statute has not been passed upon by the Supreme Court of this State. The question has been duly presented by appellee, with every evidence of good faith.

As exclusive jurisdiction for determining constitutional questions is vested in the Supreme Court, the cause is therefore transferred to that court.